THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY SHELLY, Defendant-Appellant.

First District (3rd Division)   No. 84—1438

Opinion filed March 29, 1985.

James J. Doherty, Public Defender, of Chicago (Margaret M. Drewko and Frank P. Madea, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael Shabat and Maureen A. Harton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Anthony Shelly, was charged with burglary. After a jury found him guilty of that crime, the trial court sentenced him to an extended term of 14 years. On appeal defendant contends that the trial court committed reversible error in restricting his cross-examination of the arresting officer.

On October 28, 1983, at 1 a.m., Patricia Johnson heard her dog barking and looked out the rear window of her home. She saw a light in her neighbor's garage and noticed that the garage door was open. When she saw someone, not her neighbor, walking around inside the garage, she telephoned the police. By the time she returned to the window, the police had arrived.

Officer Kupetis and his partner were in the area when the call was received, and they arrived on the scene immediately. The officers proceeded down the alley and noticed defendant standing in an alcove between two garages. Defendant was stooping over some objects at his feet. These objects had been stolen from the garage in question and were later identified by the owner of the objects.

On appeal defendant contends that the trial court committed reversible error in restricting his cross-examination of Officer Kupetis.

During direct examination of Kupetis, the prosecutor asked what defendant did when he stood up in the alcove. Kupetis replied that defendant said, "I didn't do anything. What are you doing here?" On cross-examination, defense counsel attempted to elicit the balance of defendant's statement wherein he also said he was urinating. The trial court sustained the State's objection to the question.

A statement made by a defendant in custody after his arrest which is offered in his favor is not an admission but is inadmissible hearsay. (*People v. Garth* (1975), 31 Ill. App. 3d 716, 334 N.E.2d 359.) However, where a witness testifies to a part of the conversation, the opposing party has a right to bring out all of the conversation. *People v. Weaver* (1982), 92 Ill. 2d 545, 442 N.E.2d 255; *People v. Nakutin* (1936), 364 Ill. 563, 5 N.E.2d 78.

The State maintains that this evidentiary rule is inapplicable because Kupetis' response as to what defendant said was unresponsive to the prosecutor's question and was not specifically elicited. Furthermore, according to the State, any error in refusing to admit the rest of the statement was harmless because the jury heard the most exculpatory portion of the statement.

We would agree with the State's position that the inadvertent response did not prejudice defendant if the State had not argued the opposite in its closing argument to the jury. The prosecutor argued:

> "But I think his words gave him away. What did he say? He says he asked the police 'What are you doing here? I didn't do nothing,' to use his words. Are those the words of an innocent man?
>
> When you see the police, do you ask the police, 'What are you doing here?' Do, all of a sudden, the first words out of your mouth, you tell the police, if you're an innocent man, 'I'm not doing nothing.' No ladies and gentlemen. Those words out of the mouth of Mr. Shelly, I think, establishes his guilt, as well as all of the other evidence."

And later the prosecutor again referred to defendant's partial statement as proof that defendant was shocked to be caught so quickly by the police.

■ We hold that the trial court erred in restricting defendant's cross-examination of Kupetis. Because the State vigorously argued that the statements affirmatively indicated defendant's consciousness of his guilt, we cannot say that the error was harmless.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

WHITE, P.J., and McGILLICUDDY, J., concur.